IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| JASON BARBER | § § | |
| vs. | § § | Civil Action No. 4:22-cv-41 |
| TRACTOR SUPPLY COMPANY | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Jason Barber files this, his Original Complaint, complaining of and against Defendant Tractor Supply Company. For cause of action, Plaintiff respectfully shows this Court the following:

### A. PARTIES

1. Plaintiff Jason Barber, an individual, is a citizen of the State of Texas, residing in Longview, Gregg County, Texas.

2. Defendant Tractor Supply Company ("Tractor Supply"), is a foreign for profit corporation doing business in the State of Texas and has its principal place of business at 200 Powell Place, Brentwood, TN 37027. Accordingly, it is deemed to be a citizen of the State of Tennessee. It may be served with summons by serving its registered agent for service of process, George MacKenzie, 5401 Virginia Way, Brentwood Ave. 37027.

### B. JURISDICTION AND VENUE

3. The Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between the named Plaintiff and all named Defendants and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

4. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

## C. AGENCY / RESPONDEAT SUPERIOR

5. Whenever it is alleged in this Complaint that Defendant did any act or thing, it is meant that Defendant's agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done it was done with Defendant's authorization or was done in the normal routine course of the agency of or employment with Defendant.

## D. FACTS

6. On or about July 13, 2022, during normal business hours, Plaintiff entered the Tractor Supply Company Store #2309 located at 2208 West Cannon St., Pecos, TX 79772. While at the Tractor Supply #2309, Plaintiff suffered serious and permanent bodily injuries when a floor jack fell from an upper shelf landing directly on Plaintiff's head. Plaintiff suffered serious bodily injuries, including a brain bleed, that required surgical intervention.

## E. PLAINTIFF'S CLAIMS AGAINST DEFENDANT TRACTOR SUPPLY

### I. Premises Liability – Invitee

7. At all times relevant to this lawsuit, Defendant was the owner, possessor and/or manager of the premises at 2208 West Cannon St., Pecos, Texas 79772, on which Defendant operated Tractor Supply Company Store #2309.

8. Defendant extended an open invitation to the public, including but not limited to Plaintiff Barber to enter the premises for their mutual benefit. Plaintiff Barber entered Defendant's premises for the mutual benefit of the parties. Therefore, Plaintiff Barber was an invitee.

9. A condition on Defendant's premises posed an unreasonable risk of harm. Specifically, Defendant knowingly stocked a 40 lb. plus floor jack on an upper shelf and in a way that the floor jack could easily fall from the upper shelf, creating an unreasonably dangerous condition for invitees.

10. Defendant knew or reasonably should have known of the dangerous condition. Specifically, had Defendant routinely inspected and/or maintained the floor jacks and/or the shelving, Defendant would have or, at the very least, should have known that 40lb plus floor jacks were shelved on an upper shelf and in a way that easily allowed for them to fall off the shelf thereby creating an unreasonably hazardous condition.

11. Because Plaintiff Barber was an invitee at all relevant times, Defendant had a duty to use ordinary care to ensure that the premises did not present a danger to him. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010). This duty includes the duty to inspect and the duty to warn invitees of such dangers. *Id.* at 771. Furthermore, Defendant had a duty to reduce or eliminate an unreasonable risk of harm created by a hazardous condition, such as this one. *Id.* Despite Defendant's duty, it failed to inspect, failed to cure, and failed to warn Plaintiff Barber of the dangerous condition described above.

12. Defendant's breach of duty proximately caused serious and permanent injuries to Plaintiff, which are described elsewhere herein.

### F. DAMAGES

13. As a proximate result of the incident, Plaintiff sustained serious injuries, including a brain bleed.

14. Plaintiff believes that some of his injuries are permanent in nature and have had a serious effect on his well-being. As a result, Plaintiff seeks to recover the following damages:

a. Reasonable and necessary medical in the past;

b. Reasonable and necessary medical expenses that, in reasonable probability, Plaintiff will incur in the future;

c. Physical pain in the past;

d. Physical pain that, in reasonable probability, Plaintiff will suffer in the future;

e. Mental anguish in the past;

f. Mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

g. Physical impairment in the past; and

h. Physical impairment that, in reasonable probability, Plaintiff will sustain in the future.

15. Plaintiff seeks fair and reasonable compensation for his damages together with pre-judgment and post-judgment interest at the maximum amount for the maximum period allowed by law.

16. All damages sought herein are within this Court's jurisdictional limits.

### F. PRAYER FOR RELIEF

PREMISES CONSIDERED, Plaintiff requests that Defendant be summoned to appear and answer and that, upon final trial of this cause, Plaintiff have:

a. Actual damages within the jurisdictional limits of this Court;

b. Pre-judgment and post-judgment interest at the maximum rate for the maximum period allowed by law;

c. Costs of Court; and

d. all such other and further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,
SLOAN, HATCHER, PERRY, RUNGE, ROBERTSON & SMITH

_____
CARSON R. RUNGE
State Bar No. 24059262
crunge@sloanfirm.com

SAVANNAH M. RAND
State Bar No. 24121694
srand@sloanfirm.com
101 East Whaley Street
Longview, Texas 75601
Telephone    903-757-7000
Facsimile    903-757-7574

ATTORNEYS FOR PLAINTIFF